1534

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA ) Criminal No. 13-182
) (18 U.S.C. §§ 1341 and
v. ) 1956(a)(2)(A); 21 U.S.C.
) §§ 331(a), 333(a)(2), and
RONALD J. DeFRANCO ) 333(e)(1))

FILED

JUN 25 2013

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

INDICTMENT

The Grand Jury charges:

INTRODUCTION

At all times material to this Indictment:

1. Under the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq., the term "drug" included any article intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals, or an article (other than food) intended to affect the structure or any function of the body of man or other animals. 21 U.S.C. § 321(g)(1).

2. The introduction or delivery for introduction into interstate commerce of any misbranded drug was prohibited. 21 U.S.C. § 331(a). "Misbranding" encompassed dispensing without a prescription a drug intended for use by man which, because of its toxicity or potential for harmful effect, was not safe for use except under supervision of a licensed practitioner. 21 U.S.C. § 353(b)(1). A drug was also misbranded where its labeling was false or misleading in any particular, 21 U.S.C. § 352(a); where its labeling did not bear adequate directions for use, 21 U.S.C. § 352(f)(1); or where the drug was manufactured, prepared,

propagated, compounded or processed in an establishment not registered with the Secretary of Health and Human Services, 21 U.S.C. § 352(o). The introduction or delivery for introduction into interstate commerce of a misbranded drug with intent to defraud or mislead was a felony. 21 U.S.C. § 333(a)(2).

3. "Peptides" were chemical compounds containing 2 or more amino acids linked by the carboxyl group of 1 amino acid and the amino group of another. (Webster's II New College Dictionary, 3d Ed. 2005.) Due to their toxicity or potential for harmful effect, peptides could not be dispensed for human use without a prescription from a licensed medical practitioner.

4. It was a felony to knowingly distribute or possess with intent to distribute human growth hormone (HGH) for any use in humans other than the treatment of a disease or other recognized medical condition, where such use was authorized by the Secretary of Health and Human Services and pursuant to the order of a physician. 21 U.S.C. § 333(e). Human growth hormones were prescription drugs.

5. There was an illegitimate market for peptides and HGH among body builders and others who engaged in weight training, since it was believed that the use of these substances enhanced muscle development.

6. Illegal distribution of peptides and HGH was facilitated by use of the Internet, through which such substances

could be sold without a prescription by sources in other countries, including the People's Republic of China.

7. The Food and Drug Administration (FDA) monitored web-sites to ensure that the distribution of prescription drugs was in compliance with the law.

8. Web-site hosts which operated in the United States often monitored web-sites which offered the sale of prescription drugs, and would shut down those sites that engaged in illegal activity, including the distribution of prescription drugs without a valid prescription.

9. Go Daddy was a web-site host which, in its Universal Terms of Service Agreement, barred subscribers from any use of its Site and Services which: (a) was illegal or promoted or encouraged illegal activity; (b) promoted, encouraged or engaged in the sale or distribution of prescription medication without a valid prescription; and (c) contained any false or deceptive language. Go Daddy reserved the right to remove any item of user content which violated its Terms of Service Agreement.

10. The defendant, RONALD J. DeFRANCO, was the owner of Genesis Peptides, at 4740 N. Cumberland Avenue, Chicago, Illinois 60656, and subscribed to the Go Daddy web-sites www.genesispeptides.net and www.shop-genesispeptides.net.

THE SCHEME AND ARTIFICE

11. From on or about April 20, 2010, and continuing thereafter to on or about February 15, 2011, in the Western District of Pennsylvania, the Northern District of Illinois, and elsewhere, the defendant, RONALD J. DeFRANCO, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, which scheme and artifice was in sum and substance as follows:

12. It was a part of the scheme and artifice that RONALD J. DeFRANCO engaged in the illegal sale and distribution of peptides and HGH, without prescriptions, by advertising such products at body building shows and on the web-site www.professionalmuscle.com, wherein he targeted customers interested in body enhancement.

13. It was further a part of the scheme and artifice that RONALD J. DeFRANCO used the Go Daddy web-sites www.genesispeptides.net and www.shop-genesispeptides.net for the illegal sale and distribution of peptides and HGH.

14. It was further a part of the scheme and artifice that, in order to avoid FDA scrutiny and to assure Go Daddy that he was in compliance with the law, RONALD J. DeFRANCO, posted on his Go Daddy web-sites disclaimers which falsely stated that all products sold were "for research purposes only"; and that they were

"not intended for personal use, food products or for any type of drug." Under the "Terms and Conditions" web-site tab, RONALD J. DeFRANCO posted that "All research products offered by Genesis Peptides are intended for laboratory and research use only.... The customer further warrants to Genesis Peptides that any material produced with products from Genesis Peptides shall not be adulterated or misbranded within the meaning of the Federal Food, Drug and Cosmetic Act..." It is understood by the customer that under NO circumstances shall any of these materials be used for recreational purposes and/or human usage in any way shape or form."

15. It was further a part of the scheme and artifice that the above-described disclaimers were facades which were designed to deceive the FDA and Go Daddy, and which both RONALD J. DeFRANCO and his customers knew to be false and fraudulent.

16. It was further a part of the scheme and artifice that, when contacted via prospective sales, RONALD J. DeFRANCO would provide e-mail replies describing the benefits of his products for human muscle development.

17. It was further a part of the scheme and artifice that RONALD J. DeFRANCO maintained a business address for Genesis Peptides at 4740 N. Cumberland Avenue, #346, Chicago, Illinois 60656, which address was nothing more than a rented mailbox at a UPS store.

18. It was further a part of the scheme and artifice that RONALD J. DeFRANCO maintained account number XXXXX9192 in the name "Genesis Pepptides" at JP Morgan Chase Bank, NA.

19. It was further a part of the scheme and artifice that RONALD J. DeFRANCO obtained peptides and HGH from sources in the People's Republic of China, and made payments to his drug suppliers through account number XXXXX9192 and Western Union wire transfers. In order to pay for the drugs he purchased, during the period from 12/20/10 to 1/28/11, RONALD J. DeFRANCO wired $37,050 from account number XXXXX9192; and during the period from 5/3/10 to 12/13/10, he sent $57,727.40 via Western Union wire transfers to payees in China.

THE MAILINGS

20. On or about the following dates, in the Western District of Pennsylvania and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and attempting to do so, the defendant, RONALD J. DeFRANCO, did knowingly cause to be delivered by commercial interstate carrier the following UPS parcels, each addressed from Genesis Peptides, (708) 745-0294, The UPS Store #5484, 4740 N. Cumberland Avenue, Chicago, IL 60656-4239 to Sean Flair in Cranberry Towns, PA, which contained the drugs labeled as follows:

| COUNT | DATE | PARCEL NUMBER | DRUG/DESCRIPTION |
|---|---|---|---|
| 1 | 11/15/10 | 1ZW66R980395567239 | 3 boxes (each containing 10 vials) labeled "Kigtropin, Recombinant Human Growth Hormone for Injection";<br><br>4 vials labeled "GHRP-2 (5 mg), Research Purposes Only, Not For Human Consumption";<br><br>4 vials labeled "Mod GRF 1-29 (5 mg), Research Purposes Only, Not For Human Consumption";<br><br>1 vial labeled "Melanotan II (10 mg), Research Purposes Only, Not For Human Consumption" |
| 2 | 12/17/10 | 1ZW66R0396495798 | 4 vials labeled "Hexarelin, Research Purposes Only, Not For Human Consumption" |
| 3 | 1/11/11 | 1ZW66R981399369070 | 5 boxes (each containing 10 vials) labeled "Kigtropin, Recombinant Human Growth Hormone for injection";<br><br>3 vials labeled "CJC - 1295 (5 mg), Research Purposes Only, Not For Human Consumption" |
| 4 | 1/25/11 | 1ZW66R980399815838 | 5 vials labeled "Melanotan II (10 mg), Research Purposes Only, Not For Human Consumption" |

All in violation of Title 18, United States Code, Section 1341.

COUNTS FIVE-EIGHT

The Grand Jury further charges:

21. Paragraphs 1 through 19 of Counts One through Four are incorporated as if fully set forth herein.

22. On or about the following dates, in the Western District of Pennsylvania and elsewhere, the defendant, RONALD J. DeFRANCO, with the intent to defraud and mislead, did cause the introduction into interstate commerce from Chicago, Illinois to Cranberry Township, Pennsylvania, of the following drugs, all of which were misbranded in one or more of the following ways: under Title 21, United States Code, Section 352(a), in that their labeling was false and misleading in any particular; under Title 21, United States Code, Section 352(f)(1), in that their labeling lacked adequate directions for their use; and under Title 21, United States Code, Section 353(b) in that they were prescription drugs dispensed without a valid prescription from a licensed medical practitioner:

| COUNT | DATE | DRUG/DESCRIPTION |
|---|---|---|
| 5 | 11/15/10 | 3 boxes (each containing 10 vials) labeled "Kigtropin, Recombinant Human Growth Hormone for Injection"; |
| | | 4 vials labeled "GHRP-2 (5 mg), Research Purposes Only, Not For Human Consumption"; |
| | | 4 vials labeled "Mod GRF 1-29 (5 mg), Research Purposes Only, Not For Human Consumption"; |
| | | 1 vial labeled "Melanotan II (10 mg), Research Purposes Only, Not For Human Consumption" |

| COUNT | DATE | DRUG/DESCRIPTION |
|---|---|---|
| 6 | 12/17/10 | 4 vials labeled "Hexarelin, Research Purposes Only, Not For Human Consumption" |
| 7 | 1/11/11 | 5 boxes (each containing 10 vials) labeled "Kigtropin, Recombinant Human Growth Hormone for Injection"; |
| | | 3 vials labeled "CJC - 1295 (5 mg), Research Purposes Only, Not For Human Consumption" |
| 8 | 1/25/11 | 5 vials labeled "Melanotan II (10 mg), Research Purposes Only, Not For Human Consumption" |

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

COUNTS NINE-TEN

The Grand Jury further charges:

On or about the following dates, in the Western District of Pennsylvania and elsewhere, the defendant, RONALD J. DeFRANCO, did knowingly distribute the following quantities of human growth hormone for a use in humans, other than the treatment of disease or recognized medical condition authorized by the Secretary of Health and Human Services, and not pursuant to the order of a physician:

| COUNT | DATE | HUMAN GROWTH HORMONE |
|---|---|---|
| 9 | 11/15/10 | 3 boxes (each containing 10 vials) labeled "Kigtropin, Recombinant Human Growth Hormone for Injection" |
| 10 | 1/11/11 | 5 boxes (each containing 10 vials) labeled "Kigtropin, Recombinant Human Growth Hormone for Injection" |

All in violation of Title 21, United States Code, Section 333(e)(1).

COUNT ELEVEN

The Grand Jury further charges:

From on or about May 3, 2010, and continuing thereafter to on or about January 28, 2011, in the Northern District of Illinois and elsewhere, the defendant, RONALD J. DeFRANCO, did transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, RONALD J. DeFRANCO sent from Illinois 32 Western Union wire transfers totaling $57,727.40, to various payees in the People's Republic of China, and sent 11 bank wire transfers totaling $37,050 from JP Morgan Chase Bank NA, account number XXXXX9192, to various recipients at the Bank of China, all for the purpose of promoting the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1341, set forth in Counts 1 through 4 of this Indictment.

In violation of Title 18, United States Code, Section 1956(a)(2)(A).

A True Bill,

FOREPERSON

DAVID J. HICKTON
United States Attorney
PA ID No. 34524